No. 22-55159

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ATHENA COSMETICS, INC., a Delaware corporation,

Plaintiff,

v.

AMN DISTRIBUTION, INC., a Delaware corporation, *et al.*,

Defendants-Appellees,

v.

MARINA LOUISE LANG; SOCAL IP LAW GROUP, LLP,

Real-party-in-interest-Appellants.

On Appeal from the Orders of the United States District Court
for the Central District of California
Case No. 2:20-cv-05526-SVW-SHK
Hon. Stephen V. Wilson

## APPELLANTS' REQUEST FOR JUDICIAL NOTICE

Dan Lawton, State Bar No. 127342
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131
dlawton@klinedinstlaw.com

Attorneys for Real-party-in-interest-Appellants

In connection with their opening brief on this appeal, and under Fed. R. Evid. 201, real-party-in-interest-appellants Marina L. Lang and SoCal IP Law Group, LLP request judicial notice of the public reprimand of Judge Barbara Stalder by the State Commission on Judicial Conduct of the State of Texas, which reprimand issued on April 20, 2022. A true and correct copy of the Judge Stalder reprimand accompanies this request. The Judge Stalder reprimand is the proper subject of judicial notice.

This is so under Rule 201(b). The Rule allows judicial notice of any matter not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy can't reasonably be questioned. Records of state administrative bodies are such records. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Slimino*, 501 U.S. 104 (1991). The Texas State Commission on Judicial Conduct is such a body. Documents appearing on a government website also are such records. *Kater v. Church Downs Inc.*, 886 F.3d 784, 788, n.3 (9th Cir. 2018). The Judge Stalder reprimand is such a record.

This appeal concerns U.S. District Judge Stephen V. Wilson's orders summarily imprisoning attorney Marina L. Lang and holding her in civil contempt for her conduct in Judge Wilson's courtroom on November 17, 2021. Measured by the standards laid down by the U.S. Supreme Court and this Court, Judge Wilson's orders were clearly erroneous and an abuse of discretion. Orders summarily imprisoning attorneys for contempt are rare.

In the Judge Stalder reprimand, the Texas disciplinary body publicly reprimanded a Texas judge who ordered two attorneys shackled to the jury box in her courtroom and banned a third attorney from returning to her courtroom. Though far less severe than the punishment meted out by Judge Wilson below, Judge Stalder's orders bear some resemblance to that punishment. The public reprimand which resulted illustrates the growing vigilance of those who review trial courts' excesses when it comes to policing lawyer conduct in their courtrooms. And so, while not of any precedential value, the Judge Stalder reprimand is highly relevant here.

The federal courts can properly take judicial notice at any stage of the proceedings, including on appeal. Fed. R. Evid. 201(d). *See Lowry*

*v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). *See also* Circuit Rule 27-1, Advisory Committee note 7.

For these reasons, the Court should take judicial notice of the Judge Stalder reprimand. Rule 201(b), (d). *See Mack*, 798 F.2d at 1282; *Kater*, 886 F.3d at 788, n.3.

                         Respectfully submitted,

                         KLINEDINST PC

DATED: June 22, 2022      By:  s/Dan Lawton
                                        Heather L. Rosing
                                        Dan Lawton
                                        Irean Z. Swan
                                        Attorneys for Real-party-in-interest-Appellants Marina L. Lang and SoCal IP Law Group, LLP

20916850.1

4



# BEFORE THE STATE COMMISSION
# ON JUDICIAL CONDUCT

CJC No. 20-0880

# PUBLIC REPRIMAND

## HONORABLE BARBARA STALDER
## 280TH FAMILY PROTECTIVE ORDER COURT
## HOUSTON, HARRIS COUNTY, TEXAS

During its meeting on October 22 & 26-29, 2021, the State Commission on Judicial Conduct concluded a review of the allegations against the Honorable Barbara Stalder, 280th Family Protective Order Court, Houston, Harris County, Texas. Judge Stalder was advised by letter of the Commission's concerns and provided a written response. Judge Stalder appeared before the Commission on April 8, 2022, and gave testimony.

## Background

Complainant, Derrick Saulsberry, an attorney, alleged that during a protective order hearing, Judge Stalder threatened to hold him in contempt for not answering her questions concerning an exchange between himself and the mother-in-law of his client, in the hallway outside Judge Stalder's courtroom. Mr. Saulsberry later answered Judge Stalder's question confirming that he had used profanity during his exchange with Mr. Taylor's mother-in-law in the hallway. Judge Stalder ordered Mr. Saulsberry to apologize in open court. Judge Stalder directed her bailiff take Mr. Saulsberry into custody. Mr. Saulsberry was physically shackled to the jury box throughout this period and in the presence of observers in a full courtroom as Judge Stalder continued to discuss the matters related to the case with the parties. .

While investigating Mr. Saulsberry's complaint, Commission Staff discovered information regarding another attorney, Mr. Samuel Milledge II, who Judge Stalder had allegedly ordered shackled in the jury box in her court, in a similar fashion, sometime shortly after the incident involving Mr. Saulsberry.

In her written responses to the Commission, Judge Stalder stated, with respect to the incident involving Mr. Saulsberry, that she did instruct her bailiff to escort Mr. Saulsberry to the jury box, but did not deny that she ever asked him to take Mr. Saulsberry into custody or that Mr. Saulsberry in fact was shackled at any time. Regarding the incident involving Mr. Milledge, Judge Stalder stated she did instruct her bailiff to escort Mr. Milledge to the jury box, and upon reviewing the reporter's record from that matter

she understood how her reference to setting the matter for contempt and reading Mr. Milledge his rights could reasonably lead a person to believe he was, or was about to be in, custody. The judge further explained she was not aware that Mr. Milledge had been cuffed or otherwise restrained.

After considering the evidence before it, the Commission enters the following findings and conclusions:

## FINDINGS OF FACT

1. At all times relevant hereto, the Honorable Barbara Stalder, was judge of the 280th Family Protective Order Court, Houston, Harris County, Texas.

2. On February 10, 2020, Derrick Saulsberry ("Saulsberry"), an attorney, attended a protective order hearing representing Leslie Taylor ("Taylor"), his nephew, in the 280th Family Protective Order Court.

3. After she was alerted to an exchange of words in the hallway between Mr. Saulsberry and Sharon Hampton ("Hampton"), Taylor's mother-in-law, Judge Stalder took the bench and called the parties to approach the bench, including Hampton.

4. Judge Stalder swore everyone in and asked Hampton what happened in the hallway, and Hampton expressed her view of what had happened in the hallway with Saulsberry, including that he had cursed at her.

5. Saulsberry initially declined the judge's request to respond to Hampton's allegation he had cursed at her. After Judge Stalder threatened to hold him in contempt for not responding, Saulsberry acknowledged he had cursed at Hampton.

6. Judge Stalder proceeded to lecture Saulsberry about his professionalism and instructed him to apologize to Hampton, which he refused to do.

7. Judge Stalder then instructed her bailiff to escort Saulsberry into the jury box. The bailiff did so, and shackled Saulsberry to a chair in the jury box, where he remained shackled for approximately 20 minutes. Judge Stalder never held Saulsberry in contempt of court or instituted contempt proceedings of any kind.

8. Judge Stalder continued to discuss matters related to the protective order hearing with the parties, including Taylor, while his attorney, Saulsberry, was shackled in the jury box.

9. On February 18, 2020, Samuel Milledge, ("Milledge") an attorney, went to the 280th Family Protective Order Court to support his client, Milidia Stafford ("Stafford"), during her protective order hearing. While Milledge was serving as Stafford's attorney in another capacity, he was not representing her for the purposes of the protective order hearing.

10. After being informed about an exchange between Milledge and a court staffer in the hallway, Judge Stalder took the bench and asked Milledge to approach. Judge Stalder questioned him about the exchange, specifically about his behavior towards the staffer.

11. After Milledge told Judge Stalder the court staffer had been disrespectful towards him, Judge Stalder proceeded to lecture Milledge about his behavior. Judge Stalder then read Milledge his rights and had her bailiff escort him to the jury box where the bailiff shackled him to a chair.

12. After Milledge was shackled in the jury box, Judge Stalder stated to him he would sit there and that she would address a contempt hearing on the matter after the remainder of her morning docket.

13. Judge Stalder never found Milledge in contempt of court or instituted contempt proceedings of any kind.

14. While shackled in the jury box, Milledge called his son, Samuel Milledge II, ("Milledge II") also an attorney, and asked him to come to Judge Stalder's court to represent him.

15. When Milledge II arrived at court, he immediately went to talk to his father, but was confronted by the bailiff and they began to have an exchange.

16. Judge Stalder released Milledge after his son explained that Milledge had a trial to attend.

17. While leaving the courtroom, Milledge II had another exchange with the bailiff, and Judge Stalder called him back to the bench and told him to never step foot in her courtroom again.

18. The next day, Judge Stalder called Milledge and apologized to him for the situation that occurred in her courtroom and invited him and his son to her chamber to discuss it. During the discussion with Mr. Milledge and his son in her chambers, Judge Stalder apologized again for the situation that occurred in her courtroom.

## RELEVANT STANDARDS

1. Canon 3B(4) of the Texas Code of Judicial Conduct states, in relevant part: "A judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity..."

2. Canon 3B(8) of the Texas Code of Judicial Conduct states, in relevant part: "A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law... A judge shall require compliance with this subsection by court personnel subject to the judge's direction and control."

3. Article V, Section 1-a(6)A of the Texas Constitution provides, in relevant part, that a judge shall not engage in "willful or persistent conduct" that "is clearly inconsistent with the proper performance of his duties or casts public discredit upon the judiciary..."

## CONCLUSION

Based on the record before it and the factual findings recited above, the Texas State Commission on Judicial Conduct has determined that the Honorable Barbara Stalder, judge of the 280th Family Protective Order Court, Houston, Harris County, Texas, should be publicly reprimanded for; (1) ordering Saulsberry escorted to the jury box where her bailiff shackled him to a chair in the jury box during a protective order hearing; and, continuing the hearing with the parties, including the Saulsberry's client, while Saulsberry was shackled in the jury box; and (2) just over a week later, having Milledge escorted to the jury box where her bailiff shackled him to a chair in the jury box; then, instructing Milledge's son who had arrived to represent Milledge, never to come into her courtroom again. In neither case did Judge Stalder initiate contempt proceedings of any kind against Saulsberry or Milledge. Judge Stalder's failures in these respects constituted willful and/or persistent failures to be patient, dignified and courteous towards the attorneys; willful and/or persistent disregard for Taylor's, as well as Saulsberry's and Milledge's rights to be heard according to law; and willful and/or persistent conduct that is clearly inconsistent with the proper performance of her duties and that cast public discredit upon the judiciary or the administration of

justice, in violation of Canons 3B(4) and 3B(8) of the Texas Code of Judicial Conduct, and Article V, Section 1-a(6)A of the Texas Constitution.

The Commission has taken this action pursuant to the authority conferred it in Article V, §1-a of the Texas Constitution in a continuing effort to protect the public and promote public confidence in the judicial system.

Issued this the 20th day of April, 2022.

David Schenck
Chairman, State Commission on Judicial Conduct